United States District Court
Southern District of Texas
**ENTERED**
August 17, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HECTOR MELO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H:22-4057 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Hector Melo sued Wal-Mart after he slipped and fell on March 28, 2021, while shopping for a new car battery. He was walking through a hallway towards the door separating the auto repair garage from the sales floor when he slipped and fell on what he described as a dirty floor on which he smelled oil. Wal-Mart has moved for summary judgment on the basis that it had neither actual nor constructive knowledge of an oily substance on the floor before—or after—Mr. Melo fell. The parties dispute what Mr. Melo said when he reported the fall to a Wal-Mart employee. Mr. Melo responds with an allegation that Wal-Mart had a security camera covering the area and failed to preserve the recording after Mr. Melo reported his fall, giving rise to a spoliation claim. Wal-Mart responds that it had no duty to preserve.

Based on the parties' briefing, summary judgment evidence, the record, and the relevant law, the court finds no sanctionable spoliation and grants Wal-Mart's motion for summary judgment. The reasons are set out below.

**I.      The Standard for Spoliation**

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant."

*Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)).  Spoliation is "the destruction of evidence . . . or the significant and meaningful alteration of a document or instrument." *Andrade Garcia v. Columbia Med. Ctr.*, 996 F. Supp. 605, 615 (E.D. Tex. 1998) (quoting reference omitted). A court may impose sanctions if a party with a duty to preserve evidence fails to do so and acts with culpability. Fed. R. Civ. P. 37(c)(1).  Allegations of evidence spoliation are addressed by Rule 37. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993); *Rimkus*, 688 F. Supp. 2d at 612.

Courts must apply Rule 37 sanctions "diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alteration in original) (quoting reference omitted).  In determining whether to impose Rule 37 sanctions, courts consider: (1) the fairness of the sanction; (2) the substantial relationship between the sanction and the claim; and (3) if the sanction meets "the Rule 37 goals of punishing the party which has obstructed discovery and deterring others who would otherwise be inclined to pursue similar behavior." *Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993).  Any sanction should be tailored to the particular misconduct. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985).

A sanction may include an instruction that if a party that destroys or loses evidence subject to a preservation obligation, the fact finder may presume that the evidence was prejudicial. *See FDIC v. Hurwitz*, 384 F. Supp. 2d 1039, 1099–1100 (S.D. Tex. 2005) (citing *Nation-Wide Check Corp. v. Forest Hills Distribs., Inc.*, 692 F.2d 214, 217–18 (1st Cir. 1982)).  In the Fifth Circuit, a severe sanction for spoliation, including an adverse-inference instruction, requires showing bad

2

faith. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003) (citing *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000)). "[A] party seeking the sanction of an adverse inference instruction based on spoliation of evidence must establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Rimkus*, 688 F. Supp. 2d at 615–16.

## II.    The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the

3

elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted).  The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted).  Of course, all reasonable inferences are drawn in the nonmovant's favor.  *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).  But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## III.   Analysis

### A.  Spoliation

Mr. Melo asks that Wal-Mart be "prohibited from denying that it had actual and constructive knowledge of the dangerous premises condition" because of alleged spoliation. (Docket Entry No. 25 at 9).  A party seeking to strike a pleading or defense, or to subject the opposing party to an adverse inference, must show that: "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or

defense." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 615–16 (S.D. Tex. 2010).

Mr. Melo argues that Wal-Mart had an obligation to preserve videos of the hallway where he slipped and fell. Video footage at Wal-Mart is routinely deleted after 30 to 40 days and is saved only if there is a reported accident in the area covered by the surveillance camera. (Docket Entry No. 26 at 6). Wal-Mart's policy requires that if an injury in the store is seen or reported, employees should investigate, including "taking photographs of the area" and submitting information about the incident. (Docket Entry No. 25-7 at 7). Mr. Melo contends that he informed a Wal-Mart employee of his fall, told her that he was "in pain," and asked her to check the security camera in the hallway where he fell. (Docket Entry No. 25 at 3). According to the Wal-Mart employee Mr. Melo spoke to, Mr. Melo told her that he was "okay" and declined to file an incident report. (Docket Entry No. 25 at 4). The Wal-Mart employee testified that the store policy was to not notify management or make a report if the customer did not want to do so. (Docket Entry No. 25-9 at 4). Mr. Melo admitted that he did not make a written report and did not recall whether he asked the employee to do so. (Docket Entry No. 25-5 at 10). Because no report was filed, the video footage from that camera was deleted between "30 to 40 days" after March 28, 2021, in accordance with Wal-Mart's regular policies. (Docket Entry No. 25-7 at 4).

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus*, 688 F. Supp. 2d at 612). Wal-Mart's Rule 30(b)(6) representative testified that Wal-Mart received notice of the Mr. Melo's fall in June 2022, over a year after it occurred. At that point, the video footage was long gone. Mr. Melo has not carried his burden to show that Wal-Mart should have known, on the day of the

incident, before the video was routinely destroyed, that it may have been relevant.  Mr. Melo therefore has not shown that Wal-Mart was under an obligation to preserve the video recording.

Even if Wal-Mart should have known that it had a duty to preserve the video evidence and failed to do so, "'[m]ere negligence is not enough' to warrant an instruction on spoliation." *Rimkus*, 688 F. Supp. 2d at 614 (quoting *Russell v. Univ. of Tex. of Permian Basin,* 234 Fed. Appx. 195, 208 (5th Cir. 2007)).  Mr. Melo has failed to submit or point to evidence of bad faith on the part of Wal-Mart or its employees in failing to preserve the video footage of the area where Mr. Melo fell.  Although Mr. Melo makes conclusory allegations that the Wal-Mart employee he spoke to "intentionally did not make a report," he points to no evidence supporting this claim.  (Docket Entry No. 25 at 8).  Nor does he identify evidence suggesting that Wal-Mart acted with an intent to prevent Mr. Melo from obtaining the video footage for use in presenting or litigating his claim.  Instead, the record shows that Wal-Mart deleted the video recording following its routine policy and process, without the intent to destroy relevant evidence.  (Docket Entry No. 25 at 8).

Indeed, Mr. Melo has not shown the deleted video footage is relevant to Mr. Melo's claim or defense.  The fact of Mr. Melo's fall in the hallway is undisputed.  After he fell, Mr. Melo took a photo of the floor following his fall with his wife's cell phone camera. (Docket Entry No. 25-5 at 10).  The photograph shows very little detail of the floor and does not reveal whether or not there was an oily substance on the floor. (Docket Entry No. 25-6).  It is unlikely that security camera footage would have provided more relevant information than Mr. Melo's photograph as to the condition of the floor.  The record suggests that the video would have been cumulative, given Mr. Melo's own photographs of the specific area where he fell.

This court finds there was no sanctionable spoliation in the deletion of the video by Wal-Mart.

### B.  Premises Liability

Mr. Melo has asserted a premises-liability claim.  (Docket Entry No. 1-2 at ¶¶ 10–11).  The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property," not from a contemporaneous activity.  *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017).

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances."  *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)).  "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries."  *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).  Wal-Mart argues that Mr. Melo cannot show a material fact dispute as to the first three elements.

Mr. Melo testified that when his head was very close to the floor, he could see the floor was "so dirty" and he smelled oil.  (Docket Entry No. 25-5 at 7).  He described the floor as "sticky" and "dirty," but he did not observe a puddle of oil. (*Id*. at 8).  He testified that he "saw some spot that was with oil.  Some spot with liquid.  I don't know what kind of liquid.  Some of the spot—it was liquid.  Some of the spot — it was not liquid." (*Id*.)  When asked what the liquid spots looked like, he stated that "it was some spots with liquid," that he smelled oil on his hand after he slipped,

7

and that it was sticky.  (*Id*.).  Later, he acknowledged there was not "a big amount" of oil on the

floor and described it as "little droplets."  (*Id*. at 9).   Mr. Melo testified that some of the little

droplets were "kind of not dark—kind of clear."  (*Id*. at 8).  Mr. Melo testified that the employee

he spoke to said that she did not see anything on the floor. (*Id*. at 10).   He did not ask to file a

report and testified that the employee did not ask him if he wanted to make a report.   Mr. Melo

later took a photograph of the area himself.   It is attached to the record, but it reveals little.  (Docket

Entry No. 25-6).

 Wal-Mart's corporate representative, Serena Limon-Huitz, testified that the first notice she

understood Wal-Mart received of the incident was on June 7, 2022, over a year after it occurred.

She investigated after receiving that notice.   The investigation led to defense counsel finding the

employee who had spoken to Mr. Melo on the date of the accident.   This employee, Mary Craft,

talked to Ms. Limon.   Ms. Craft remembered Mr. Melo and remembered inspecting the area where

he had slipped and fallen on March 28.   Ms. Craft stated that she saw nothing on the ground, and

she remembered him saying that he was "okay." (Docket Entry No. 25 at 3–4).   Ms. Craft testified

in her deposition that she asked Mr. Melo if he wanted to fill out a report, and he declined to do

so.  (Docket Entry No. 25-9 at 2–3).   There was a security camera in the hallway on the day of Mr.

Melo's fall.   The video evidence was deleted as part of Wal-Mart's routine deletion of video

footage after no incident report was submitted.   Mr. Melo asked the court to sanction Wal-Mart

for spoliation, which the court has declined.

 A plaintiff may satisfy the knowledge element in a slip-and-fall case by pointing to

evidence showing that: "(1) the defendant placed the substance on the floor; (2) the defendant

actually knew of the condition; or (3) it is more likely than not that the condition existed long

enough to give the premises owner a reasonable opportunity to discover it."  *Wal-Mart Stores, Inc.*

*v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).  The summary judgment record does not support an inference that Walmart caused the oil spill or had actual knowledge of its presence.

An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).  A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place.  *Id.* at 567–68 (quoting *Reece*, 81 S.W.3d at 816).  For a premises owner to be charged with constructive notice, a dangerous condition must have "existed for some length of time." *Reece*, 81 S.W.3d at 815 (citations omitted).  If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816.

On the other hand, "if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*  Some temporal evidence is required for a premises-liability plaintiff to defeat a motion for summary judgment. *Id.*  ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.").  "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* (citation omitted).  "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long

enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

In support of his claim that Wal-Mart had constructive notice of oil on the floor, Mr. Melo points to two prior slip and fall incidents in the Wal-Mart's automotive department in the two years preceding his fall, but he does not provide further evidence related to the day or specific area in question. (Docket Entry No. 25 at 10).  Mr. Melo testified that after he got up and was able to walk, he opened the door and where his wife and granddaughter were talking to a Wal-Mart employee.  Mr. Melo told the employee that he had fallen in the hallway near the auto shop.  Mr. Melo showed the employee where he had fallen.  The area he showed her "was a little bit here, maybe a little bit there, but I pointed the area." (Docket Entry No. 25-5 at 8).  Mr. Melo testified that he had to touch his hand to the floor to feel that the floor was sticky and that it smelled like oil. (*Id*.).

Even assuming that Mr. Melo reported the fall to a Wal-Mart employee and showed her an oily substance on the floor where he fell, that does not give rise to an inference that Wal-Mart had actual or constructive knowledge before he fell.  The record, including the photograph that Mr. Melo submitted, does not show a substance conspicuous enough to support an inference of constructive knowledge.  Nor does the evidence give any indication as to how long the substance had been on the floor.

The court grants Wal-Mart's motion for summary judgment on Mr. Melo's premises-liability claim.  An order of final judgment is separately entered.

III.    **Conclusion**

The motion for summary judgment, (Docket Entry No. 24), is granted.  Final judgment will be separately entered.

SIGNED on August 17, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge